UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ALLYSON OESTERLE-KLEINE, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:20-CV-1047-HAB |
| HORIZON BANK, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on a Joint Motion for Approval of Settlement and Dismissal with Prejudice [ECF Nos. 36, 37], which seeks dismissal of this litigation and the Court's approval of the Settlement Agreement [Settlement Agreement, ECF No. 36-1] between Plaintiff Allyson Oesterle-Kleine and Horizon Bank, in this action under the Equal Pay Act (EPA) (which arises under the Fair Labor Standards Act (FLSA)). The parties' submission includes a supporting brief as part of their motion. [ECF No. 36] For the reasons stated in this Order, the Court approves the settlement and grants the dismissal.

## ANALYSIS

FLSA collective action settlement agreements, including those involving EPA claims, require judicial approval. 29 U.S.C. § 216(b)–(c); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *see also Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 994–95 (N.D. Ind. 2010) (noting that "stipulated settlements in a FLSA case must be approved by the Court") (citation and quotation omitted). Although this matter has not been certified as a collective action, "many courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, a settlement of a FLSA claim is prohibited." *Bodle v. TXL Mortg.*

*Corp.*, 788 F.3d 159, 164 (5th Cir. 2015) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

When determining the fairness of the Settlement Agreement, a court considers "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Campbell v. Advantage Sales & Mktg. LLC*, No. 1:09-CV-1430, 2012 WL 1424417, at *2 (S.D. Ind. Apr. 24, 2012) (citing *Burkholder*, 750 F. Supp. 2d at 995). A reviewing court normally approves a settlement where it is based on "contentious arm's-length negotiations, which were undertaken in good faith by counsel" and where "serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id*. (quoting *Reyes v. Buddha–Bar NYC*, No. 08 CV 2494), 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)) (additional citation and quotation marks omitted).

Plaintiff alleges that Defendant paid her a salary lower than that of male employees performing the same or similar duties. Defendant denies the allegations and asserts that Plaintiff's pay was at all times appropriate and non-discriminatory. The case proceeded through discovery. The parties, after an arms-length negotiation and with the assistance of a mediator, elected to resolve the case to avoid additional cost and time involved in litigating liability and damages and to avoid the risks for both parties associated with continued litigation. As settlement of Plaintiff's claim, Defendant has agreed to pay $28,000.00, with $11,612.50 of this amount designated for Plaintiff's attorney fees and costs. The remaining $16,387.50, less all applicable taxes and withholdings, will be made payable to Plaintiff.

Examining the pertinent factors, the Court concludes that the Settlement Agreement is fair and reasonable and does not represent a mere waiver of statutory rights brought about by an

employer's overreaching. Litigating this case to its conclusion on the merits would likely entail considerable time and expense. The value of an immediate recovery outweighs the mere possibility of additional relief that might be obtained after litigating the matter further at the trial court level. The parties are represented by competent and experienced counsel, who have fully examined the claims in this case.

The Court concludes the parties' proposed Settlement Agreement is fair and reasonable and approves the Settlement Agreement.

## CONCLUSION

For the reasons stated above, the Court approves the parties' Settlement Agreement [ECF No. 36-1]. The Joint Motion for Approval of Settlement [ECF No. 36] is GRANTED; The Joint Stipulation to Dismiss with prejudice [ECF No. 37] is GRANTED.

SO ORDERED on August 9, 2022.

                                             s/ *Holly A. Brady*  
                                             JUDGE HOLLY A. BRADY  
                                             UNITED STATES DISTRICT COURT